UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL GEOVANNI CERRATO                     Case No.

    Plaintiff,                                                    Hon.

    v.                                                              Complaint and Jury Demand

CANTON POLICE DEPARTMENT,
TOWNSHIP OF CANTON
ROBERT PASICK, ANDREW COLTHURST,
NABILE SYED, KENNETH ROBINSON,
DARREN KOSSICK, LISA KISH,
COREY ALTHEIM, JARED PETERSON,
MARY ROE,

    Defendant

---

Brandon M. Biggs (P79722)
BIGGS & GUNST P.C.
3830 Packard St., Suite 240
Ann Arbor, MI 48108
Tel: 734-263-2320
BBiggs@biggsgunst.com
Attorney for the Plaintiff

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

I certify that there are no other pending or resolved civil matters relating to the same transaction and occurrence contained within Plaintiff's Complaint.

/s/ **_Brandon M. Biggs_**
Brandon M. Biggs (P79722)

NOW COMES the Plaintiff, Michael Geovanni Cerrato by and though his attorneys

BIGGS & GUNST P.C., and for his Complaint against the above-named Defendants, states as

follows:

## INTRODUCTION

1.     This civil rights deliberate indifference action is brought by Plaintiff, Michael Cerrato for money damages and punitive damages pursuant to 42 U.S.C. §§ 1983 for rights, privileges, and immunities as secured by the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983 and any and all money damages and punitive damages pursuant 42 U.S.C. Sect.1988; against all Defendants all in their individual capacity.

## JURISDICTION AND VENUE

2.     This action arises under 42 USC § 1983 for rights, privileges, and immunities as secured by the Eighth Amendment to the United States Constitution, and any and all money damages and punitive damages pursuant 42U.S.C. Sect.1988. This Court has jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 1331 and 1343, and also has pendent jurisdiction over all state claims that arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b). The unlawful actions alleged in this Complaint took place within the Township of Canton, County of Wayne, located within the Eastern District of Michigan.

4.     That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

## PARTIES

5.     Michael Geovanni Cerrato as at all times relevant hereto, a resident of Ypsilanti, County of Washtenaw, State of Michigan.

6.     Plaintiff, Michael Cerrato, 38 years old, is longtime Type 1 diabetes mellitus with hyperglycemia sufferer dependent on insulin, with a history of Diabetic Neuropathy, Sepsis due to

complicated diabetic soft tissue and prolong skin infection, and Chronic Pain Syndrome all serious medical conditions placing him at a substantial risk of serious harm.

7.      Plaintiff, Michael Cerrato, was arrested and placed into custody on October 22, 2021, by the Township of Canton Police Department, making him a detainee and prisoner and ripe for a 42 USC 1983 claim.

8.      Defendant ROBERT PASICK was at all material times employed by the Township of Canton as a police officer and arrested Michael Cerrato on October 22, 2021.

9.      Defendant ANDREW COLTHURST was at all material times employed by the Township of Canton as a Sargeant and arrested Michael Cerrato on October 22, 2021.

10.     Defendant NABILE SYED was at all material times employed by the Township of Canton as a police officer and arrested Michael Cerrato on October 22, 2021.

11.     Defendant KENNETH ROBINSON was at all material times employed by the Township of Canton as a police officer and arrested Michael Cerrato on October 22, 2021.

12.     Defendant DARREN KOSSICK was at all material times employed by the Township of Canton as a police officer and arrested Michael Cerrato on October 22, 2021.

13.     Defendant LISA KISH was employed by the Township of Canton as a police officer, and was the officer who medically screened processed, and booked Plaintiff when he arrived at the Canton Police Department Jail and intentionally and knowingly refused to release assure him for necessary medical care until his condition required hospitalization.

14.     Defendant COREY ALTHEIM was employed by the Township of Canton as a Detective, and was the officer who medically screened processed, and booked Plaintiff when he arrived at the Canton Police Department Jail and intentionally and knowingly refused to release assure him for necessary medical care until his condition required hospitalization.

15.    Defendant, JARED PETERSON, was at all material times employed by the Township of Canton as a police officer and accompanied Plaintiff, Michael Cerrato on October 24, 2021, to Baumont Canton Hospital to be treated for his elevated blood sugar level due to Defendants negligence and became aware of Plaintiff's serious medical condition.

16.    Defendant MARY ROE was at all times employed by the Township of Canton as a police officer and was present when the Plaintiff was in jail and intentionally and knowingly refused to release assure him for necessary medical care until his condition required hospitalization.

17.    All Defendants named herein recognized at the time of the incident that (1) the plaintiff had an objectively serious medical need as his Florida driver's license indicated that Michael Cerrato had Type 1 Diabetes; (2) understood that the detainee's or prisoner's medical needs, subjected the detainee or prisoner to an excessive risk of harm; and (3) knew that their failure to respond would pose a serious risk to the detainee or prisoner's health and ignored that risk until his blood sugar level spiked requiring medical treatment. All Defendants intentionally and knowingly refused Michael Cerrato necessary medical treatment until his blood sugar level spike requiring hospitalization.

18.    Defendants acted individually and in concert with each other with deliberate indifference to deny Plaintiff necessary medical care for a known serious medical/health condition, including diabetes and those more fully described herein resulting in serious harm to Plaintiff's health resulting in hospitalization and damages to the Plaintiff.

19.    When the events alleged in this complaint occurred, ALL Defendants were acting within the scope of their employment and under color of law, as well as in their individual capacities.

20.     At all material times, Defendant CANTON POLICE DEPARTMENT and TOWNSHIP OF CANTON employed the above individually named defendants and are liable for their acts all of whom were under their direct supervision, and are liable for their acts, as well as liability because of its policies, practices, procedures, and customs.

21.     At all times relevant, the TOWNSHIP OF CANTON was and is a political subdivision duly incorporated under the laws of the State of Michigan, and is the body responsible for the control and oversight of its departments, agencies and facilities, including the operation and staffing of the Canton Police Department with said operation and staffing including the organization, training, operation, policies, procedures, and discipline of staff correctional officers and medical and mental health personnel located at that facility, including the above named individual Defendants.

22.     At all material times, Defendants Canton Township and Canton Police Department are also liable because of its policies, practices, procedures, and customs, which led to the allegations set forth herein.

23.     That governmental employees are held liable for deliberate indifference of a medical condition of a detainee or prisoner if they intentionally and knowingly keep one from getting to medical staff or receiving necessary medical care.

## SPECIFIC ALLEGATIONS

24.     Plaintiff incorporates by reference each of the allegations contained in all previous paragraphs as though more fully stated herein.

25.     On October 22, 2021, at or about 18:42 PM, upon information and belief, Defendants, Pasick, Colthurst, Syed, Robinson, and Kossick responded to a call of retail theft and fraud at the Sam's Club, 39800 Ford Road, Canton, MI 48187. Upon arriving at the Sam's Club,

the Defendants were advised that a white male suspect was concealing several items inside of a children's stroller. Upon pushing the stroller past all points of purchase the Defendants detained the Plaintiff, Michael Cerrato and his then girlfriend Toni Roy. Upon conducting a search of the stroller the Defendants found six 1 terabyte portable hard-drives and Plaintiff was arrested for retail fraud and placed into a patrol vehicle and transported to Defendant, Canton Police Department.

26.     Upon arriving at Defendant Canton Police Department, Plaintiff was booked by Defendant Kish and Defendant Altheim which included completing the Canton Police Department Medical Screening Form as well as reviewing his personal property. It is at this time that the Defendants further became aware of Plaintiff's medical condition both through the Medical Screening Form as well as Plaintiff's Florida Driver's license which indicates that Plaintiff is a Type 1 diabetic.

27.     During booking Plaintiff was ordered to change out of his civilian clothes and issued jail clothing and order to take his socks and shoes off. Because of Plaintiff's medical history Plaintiff wear two pairs of socks to prevent injury to his feet which could likely lead to serious infection. Despite this precaution the Defendants ordered Plaintiff to remove his extra pairs of socks and shoes and escorted him to a holding cell.

28.     While in the holding cell Plaintiff continued to express to the Defendants his medical needs to test his blood sugar level and if necessary, have insulin administered.

29.     That despite the knowledge of Defendant's medical condition, despite this the Defendants refused to provide Plaintiff with the necessary medical care and allow him to test his blood sugar level and deprived him of the ability to administer insulin. By intentionally refusing him necessary medical attention of a serious known condition, the Defendants acted with

deliberate indifference and did not get him necessary medical treatment to prevent the Plaintiff's hospitalization.

30.    In addition, to refusing Plaintiff medical care by providing him the ability to test his blood sugar level and meet his insulin needs, the only food and drink that the Defendants provided to the Plaintiff was water through a water fountain, fruit punch a honey bun, and a type of soy protein sandwich, items contain a high sugar content and cannot be consumed by the Plaintiff given his medical needs.

31.    As a result of Defendants withholding Plaintiff's ability to check his sugar level and insulin as well as providing him with high sugar content food and drink, Plaintiffs medical condition continued to deteriorate and on the evening of October 22, 2021, Plaintiff was transported to Beaumont Hospital Canton for medical treatment by Defendant Kossick.

32.    While at Beaumont Hospital Canton the Plaintiff was given 8 units of insulin lispro and 2,000 ml of sodium chloride and his medical condition improved, and Plaintiff was transported back to the Canton Police Department.

33.    Upon information and belief during the Plaintiff's discharge from Beaumon Hospital Canton, the medical staff informed Defendant, Kossick that Plaintiff needs to monitor his levels and be given insulin when needed or he will be back in the hospital as his condition continues to deteriorate.

34.    Despite being specifically informed my medical personnel of the Plaintiff's need for continued monitoring of his sugar level and insulin, the Defendants continued to deny the Plaintiff the ability to monitor and treat his sugar level which again led to Plaintiff's deteriorating medical condition.

35.     As a result of Defendants withholding Plaintiff's ability to check his sugar level and insulin as well as providing him with high sugar content food and drink, Plaintiffs medical condition again deteriorated and on the morning of October 23, 2021, Plaintiff was again transported to Beaumont Hospital Canton for medical treatment.

36.     Plaintiff was again treated or high blood sugar and was subsequently discharged to be transported back to the Canton Police Department were the Defendants continued to deny him the ability to test and treat his blood sugar level and his condition again continued to deteriorate.

37.     As a result of Defendants withholding Plaintiff's ability to check his sugar level and insulin as well as providing him with high sugar content food and drink, Plaintiffs medical condition again deteriorated and on the afternoon of October 23, 2021, Plaintiff was again transported to Beaumont Hospital Canton for medical treatment.

38.     Plaintiff was again treated or high blood sugar and was subsequently discharged to be transported back to the Canton Police Department were the Defendants continued to deny him the ability to test and treat his blood sugar level and his condition again continued to deteriorate.

39.     As a result of Defendants withholding Plaintiff's ability to check his sugar level and insulin as well as providing him with high sugar content food and drink, Plaintiffs medical condition again deteriorated and on the morning of October 24, 2021, Plaintiff was instead transported to St. Mary Mercy Livonia for medical treatment.

40.     Plaintiff was treated or high blood sugar by the staff at St Mary Mercy Livonia and was subsequently discharged to be transported back to the Canton Police Department.

41.     Upon arrival at Canton Police Department the Plaintiff was discharged from their custody by Defendant, Roe.

42.     Plaintiff was released from the Canton Police Department on October 24, 2021, with serious medical needs and injuries, and severe physical and emotional distress.

43.     The Plaintiff was in the Defendants' custody and control from the evening of October 22, 2021, through the morning of October 24, 2021 and was hospitalized a total of four times solely due to the due to the Defendants intentionally refusing the Plaintiff necessary medical attention of a serious known condition even after being specifically informed by the hospital staff that the Plaintiffs condition will simply deteriorate if he is not given the ability to monitor his blood sugar and administer insulin. The Defendants acted with deliberate indifference and did not get him necessary medical treatment to prevent the Plaintiff's further hospitalization.

44.     In addition to refusing Plaintiff the ability to monitor and treat his blood sugar levels while in the Defendants' custody and control, from the time of Plaintiff's booking on October 22, 2021 through his discharge on October 24, 2021, Plaintiff was denied the use of shoes and was forced to walk from the Canton Police Department Jail to the police cruiser, attend the hospital visits, and walk back to his cell upon arrival back at the police department only while wearing socks on his feet.

45.     Following Plaintiff's release from the Defendants' custody and control and as a result of Defendants' deliberate indifference to the Plaintiff's necessary medical care, Plaintiff suffered permanent serious consequences to his health. These injuries include but are not limited to:

    a.     Increased risk for cuts and infection due to the thinning of his skin.

    b.     Pain and suffering.

    c.     Increased infection in his feet and toes.

    d.     Disability.

     e.     Unnecessary discomfort.

     f.     Delayed medical treatment.

     g.     Emotional and mental distress.

     h.     Trouble sleeping.

     i.     Trouble walking.

     j.     Depression.

     k.     Increased necessary medical care.

     l.     Depression.

     m.     Embarrassment.

     n.     Increased aggravation of preexisting conditions.

46. The individual Defendants acted individually and in concert with one and other to cause the injuries mentioned herein.

47. That Plaintiff's continued ongoing pain and suffering, both physically and mentally, and all injuries named in this complaint are a direct result of Defendants' intentional and knowing actions and inactions amounting to deliberate indifference of necessary medical treatment violating Plaintiff's Constitutional Rights as described above and throughout this Complaint.

**Count I**
**Fifth and Fourteenth Amendment Violations**

48. Plaintiff incorporates by reference all paragraphs stated herein.

49. Plaintiff's constitutionally protected rights that Defendants violated include the following:

     a.     The right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which include

        personal safety, freedom from captivity, and a right to medical care and protection.

    b.    The right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

    c.    Claims related to medical care of arrestees and pretrial detainees are governed by the Fourteenth Amendment.

50.    The conduct of all Defendants was outrageous subjecting them to punitive damages.

51.    That as a result of Defendants' acts and inactions as described herein, Plaintiff's suffers all injuries listed in this complaint are a direct result of Defendants' intentional and knowing actions and inactions amounting to deliberate indifference of necessary medical treatment violating Plaintiff's Constitutional Rights as described above and throughout this Complaint.

52.    These include but are not limited to the following injuries:

    a.    Severe infection of his toes and feet.

    b.    Multiple infections requiring prolonged hospitalization for treatment.

    c.    increased risk for cuts and infection due to the thinning of his skin.

    d.    Increased pain and suffering

    e.    Permanent disability

    f.    Stress from future reduction in income due to the continued complications of infection and treatment of his toes.

    g.    Unnecessary discomfort

    h.    Delayed medical treatment

    i.    Emotional and mental distress

j.     Trouble sleeping

k.    Trouble walking

l.     Significant balancing issues including lack of forward support.

m.   Increase in back pain

n.    Pain and soreness in Plaintiff's feet and knees

o.    Inability to stand up straight, or stand still

p.    cannot lift much weight due to lack of stability

q.    depression

r.     embarrassment

s.    increased necessary medical care

t.     psychiatric treatment

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants as follows, but not limited to:

A.    Compensatory and consequential damages.

B.    Economic losses on all claims allowed by law.

C.    Special damages in an amount to be determined at trial.

D.    Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial.

E.    Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F.    Pre- and post-judgment interest at the lawful rate; and

G.      Any further relief that this Court deems just and proper, and any other appropriate

relief at law and equity.

Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages

allowable under federal law, including all damages stated herein, punitive damages against the

individual Defendants, and costs, interest and attorney fees against all Defendants.

**Count II**
**Eighth Amendment Violations**

53.      Plaintiff incorporates by reference all paragraphs stated herein.

54.      Pursuant to the Eighth Amendment of the United States Constitution, Plaintiff had

a right to be free from cruel and unusual punishment while incarcerated and under the custody and

control of the State or cities of Michigan. The Eighth Amendment provides, in pertinent part, that,

"cruel and unusual punishment (*not*) be inflicted.

55.      Under the Eighth Amendment, pretrial detainees have rights analogous to those

rights enjoyed by prisoners.

56.      The Eighth Amendment prohibits deliberate and knowing indifference to medical

care for a prisoner's serious medical needs as part of the cruel and unusual punishment clause.

57.      All Defendants named herein, with malice, recklessness, and/or deliberate

indifference, kept Plaintiff devoid of necessary medical treatment, necessary medical care, and

necessary evaluation of a serious medical condition with substantial risk of harm to his health, all

conditions well known to all Defendants. This resulted in the Plaintiff being hospitalized multiple

times while in the custody and control of the Defendants.

58.      The actions and/or omissions of the Defendants described herein, together and

individually, constitutes a deliberate indifference to the serious medical needs of Mr. Messer; and

demonstrates a reckless, willful and/or wanton disregard for his health and safety in violation of the Eighth Amendment.

59.     As a direct and proximate result of all Defendants conduct named in this Complaint, Plaintiff suffered these injuries including but not limited to:

      a.     Severe infection of his toes and feet.

      b.     Multiple infections requiring prolonged hospitalization for treatment.

      c.     increased risk for cuts and infection due to the thinning of his skin.

      d.     Increased pain and suffering

      e.     Permanent disability

      f.     Stress from future reduction in income due to the continued complications of infection and treatment of his toes.

      g.     Unnecessary discomfort

      h.     Delayed medical treatment

      i.     Emotional and mental distress

      j.     Trouble sleeping

      k.     Trouble walking

      l.     Significant balancing issues including lack of forward support.

      m.     Increase in back pain

      n.     Pain and soreness in Plaintiff's feet and knees

      o.     Inability to stand up straight, or stand still

      p.     cannot lift much weight due to lack of stability

      q.     depression

      r.     embarrassment

    s.    increased necessary medical care

    t.    psychiatric treatment

60.    In accordance with the Law the Plaintiff is entitled to certain damages including but not limited to:

    a.    Compensatory and consequential damages.

    b.    Economic losses on all claims allowed by law.

    c.    Special damages in an amount to be determined at trial.

    d.    Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial.

    e.    Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

    f.    Pre- and post-judgment interest at the lawful rate; and

    g.    Any further relief that this Court deems just and proper, and any other appropriate relief at law and in equity.

61.    By the aforementioned actions and/or omissions, Defendants have caused injury and deprived Mr. Cerrato of the rights secured by the Eighth Amendment to the United States Constitution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

    a.    Compensatory and consequential damages.

    b.    Economic losses on all claims allowed by law.

    c.      Special damages in an amount to be determined at trial.

    d.      Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial.

    e.      Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law.

    f.      Pre- and post-judgment interest at the lawful rate; and

    g.      Any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

**Count III**
**Gross Negligence in violation of MCL § 691.1407**

62.     Plaintiff incorporates by reference all paragraphs stated herein.

63.     Gross negligence is conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

64.     Defendants ROBERT PASICK, ANDREW COLTHURST, NABILE SYED, KENNETH ROBINSON, DARREN KOSSICK, LISA KISH, COREY ALTHEIM, JARED PETERSON,  MARY ROE, through the conduct detailed above, intentionally caused Plaintiff to be prevented from receiving seriously needed medical attention forcing him to be hospitalized four times while in their custody and control. In addition to all of the conduct set forth above, this includes, but is not necessarily limited to;

    a.      The individual defendants deliberately and recklessly ignored Plaintiff's pleas for medical attention, which included Plaintiff begging for the ability

to monitor his blood sugar level and administer insulin before hospitalization was necessary.

b.  The individual defendants ignored hospital staff's instructions that without the ability to monitor his blood sugar levels Plaintiff will continue to be hospitalized as his condition deteriorates resulting in the Plaintiff being hospitalized four times while in their custody and control.

c.  The individual Defendants refused to provide the Plaintiff with shoes during the time he was in their custody and control forcing him to walk in socks outside in October worsening his risk of infection and injury to his feet.

65.  The individual Defendant's deliberate actions and/or inactions listed throughout this Complaint constitute gross negligence.

66.  All Defendants located at Canton Police Department, through their conduct detailed above, intentionally caused Plaintiff to be deprived of his ability to monitor his blood sugar level and administer insulin forcing him to be hospitalized four times while in their custody and control.

67.  All of the Defendants' intentional actions and/or inactions listed above and throughout this Complaint, including repeated deliberate and reckless actions caused Plaintiff to continue to suffer severe pain and suffering as described herein, and a lack of medical care and attention, constitute gross negligence.

68.  Defendants the Township of Canton and the Canton Police Department through the conduct detailed above, intentionally facilitated and encouraged the negligent, gross negligence, and wrongful conduct by the individual Defendants and members of their staff, all agents, employees, etc. who did engage with Plaintiff while he was jailed at the Canton Police Department.

69.     Defendants Township of Canton and the Canton Police Department created and ordered staff and employees to enforce negligent policies, as well as, authorizing, tolerating, ratifying, permitting, or acquiescing in the unlawful behavior of the Defendants named above, as detailed above.

70.     Each and every Defendants' deliberate actions and/or inactions listed above and throughout this Complaint constitute gross negligence.

71.     As a direct and proximate result of the Defendants gross negligence, Plaintiff has suffered severe injury as described herein.

72.     As a direct and proximate result of the Defendants gross negligence, Plaintiff has suffered the following injuries that could have been avoided if Defendants were not grossly negligent.

    a.     Severe infection of his toes and feet.

    b.     Multiple infections requiring prolonged hospitalization for treatment.

    c.     increased risk for cuts and infection due to the thinning of his skin.

    d.     Increased pain and suffering

    e.     Permanent disability

    f.     Stress from future reduction in income due to the continued complications of infection and treatment of his toes.

    g.     Unnecessary discomfort

    h.     Delayed medical treatment

    i.     Emotional and mental distress

    j.     Trouble sleeping

    k.     Trouble walking

l.      Significant balancing issues including lack of forward support.

m.     Increase in back pain

n.      Pain and soreness in Plaintiff's feet and knees

o.      Inability to stand up straight, or stand still

p.      cannot lift much weight due to lack of stability

q.      depression

r.      embarrassment

s.      increased necessary medical care

t.      psychiatric treatment

73.     The conduct of Defendant's was and remains extreme and outrageous subjecting them to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court enter judgment against Defendants in an amount consistent with the damages sustained. Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant in accordance with Michigan Law the following, damages including but not limited to:

a.      Compensatory and consequential damages,

b.      Economic losses on all claims allowed by law;

c.      Special damages in an amount to be determined at trial;

d.      Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

e.      Pre- and post-judgment interest at the lawful rate; and

f.      Any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

### Count IV
### Intentional Infliction of Emotional Distress

74.     Plaintiff incorporates by reference all paragraphs stated herein.

75.     In addition to Plaintiffs medical and physical distress, Plaintiff suffered emotional distress proximately caused by the Defendant's extreme and outrageous conduct, as set forth above. Defendants engaged in the aforementioned conduct with wanton and reckless disregard of the prospect of causing the Plaintiff emotional distress and with the knowledge that Plaintiffs severe emotional distress would increase as result.

76.     As a direct and proximate result of Defendants intentional infliction of emotional distress on the Plaintiff, Plaintiff sustained the following injuries and damaged and is entitled to relief.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court enter judgment against Defendants in an amount consistent with the damages sustained. Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant in accordance with Michigan Law the following, damages including but not limited to:

a.      Compensatory and consequential damages,

b.      Economic losses on all claims allowed by law;

c.      Special damages in an amount to be determined at trial;

d.      Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

e.      Pre- and post-judgment interest at the lawful rate; and

f.      Any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendants and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

Respectfully submitted,

BIGGS & GUNST P.C.

/s/ *Brandon M. Biggs*
BRANDON M. BIGGS (P79722)
3830 Packard Road, Suite 240
Ann Arbor, MI 48108
Tel: (734) 263-2320
BBiggs@biggsgunst.com
Attorney for Plaintiff

DATED: October 21, 2024

## DEMAND FOR JURY TRIAL

The Plaintiff hereby makes demand for a trial by jury.

Respectfully submitted,

BIGGS & GUNST P.C.

/s/ *Brandon M. Biggs*
BRANDON M. BIGGS (P79722)
Attorney for Plaintiff

DATED: October 21, 2024